**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES E. MCCOLLUM, JR., <br> 7309 Baltimore Ave. #117 <br> College Park, MD 20740 <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br> 825 North Capitol Street, N.E. <br> Washington, D.C.  20002-4232, <br><br> and, <br><br> CLINTON L. EVANS, JR., <br> In his official capacity as <br> Hearing Officer for District of <br> Columbia Public Schools, <br><br> Defendants. <br><br> Serve: <br><br> Executive Office of the Mayor <br> 1350 Pennsylvania Ave., N.W. <br> 5th Floor <br> Washington, D.C.  20004 <br><br> Office of the Attorney General <br> 1350 Pennsylvania Ave., N.W. <br> Suite 409 <br> Washington, D.C.  20004, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**VERIFIED COMPLAINT FOR DECLARATORY AND  INJUNCTIVE RELIEF**

Plaintiff, James E. McCollum, Jr., hereby alleges for his complaint against

Defendants, on personal knowledge as to the activities alleged herein the following:

**INTRODUCTION**

1. This is an action for a declaratory judgment, temporary restraining order, and permanent restraining order enjoining the District of Columbia, Department of Public Schools, and in particular, Hearing Officer Clinton L. Evans, Jr., ("Hearing Officer") from violating the plaintiff's constitutional rights under the First Amendment to the Constitution and the laws of the United States.

## JURISDICTION AND VENUE

2. This case arises under the United States Constitution and presents a federal question within this Court's jurisdiction pursuant to Article III of the United States Constitution and 28 U.S.C. §§1331, 1343(3) and 2201.

3. The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2201, *et seq*.

4. Venue in this action is appropriate in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1391(e).

## PARTIES

5. James E. McCollum, Jr., is the principal of McCollum & Associates LLC, with offices in College Park, Maryland. Mr. McCollum is an attorney who represents Neil Harps in an adverse action matter in front to the District of Columbia Public Schools' ("DCPS") administrative tribunal. Mr. Harps was employed for the DCPS and was wrongfully terminated from his position.

6. The District of Columbia is a municipal corporation organized under the Constitution and the laws of the United States. The District of Columbia has created the District of Columbia Public Schools which provides administrative appeals to persons grieving adverse

employment actions.

7. Upon information and belief, Clinton L. Evans, Jr., is an attorney employed by DCPS to function as a Hearing Officer for appeals of adverse employment actions and in that capacity is functioning as an agent and official of DCPS.

**FACTS**

8. Neil Harps and Robert Stewart were employed by DCPS. They were terminated allegedly for entering into an unauthorized contract with a supplier.

9. Both Mr. Harps and Mr. Stewart vigorously contest the grounds for termination and the allegations of any impropriety. Mr. Harps retained Mr. McCollum and the firm of McCollum & Associates, LLC, as his counsel in the matter.

10. In order to vindicate themselves, Mr. Harps and Mr. Stewart, separately, have filed for an appeals hearing of the adverse action to challenge the terminations through the DCPS administrative procedure authorized by the District of Columbia Municipal Regulations at 5 DCMR, Chapter 14.   *See* Exhibit 1.

11. Administrative hearings under Title 5 DCMR Chapter 14 are presumed to be closed to the public unless the employee requests that the hearing be open. 5 DCMR § 1408.1.   An open hearing may be closed at any time upon request *by the employee.* 5 DCMR § 1408.2.  (Emphasis added).

12. Mr. Stewart did not request that the Hearing Officer close his proceedings.

13. Mr. McCollum, counsel for Mr. Harps, attended the first day of the hearing of Mr. Stewart, which involved witness testimony. The second day of the hearing did not involve witness testimony.

14. The hearing was not concluded and has been continued in the matter of Stewart.

15. DCPS objected to Mr. McCollum's presence at the first day of the Stewart hearing because of Mr. McCollum's representation of Mr. Harps.

16. The Hearing Officer permitted Mr. McCollum to remain at the first day of the Stewart hearing as a member of the public.

17. Mr. Stewart had hired, as the rules authorize him to do, a private court reporter to create a transcript of the proceedings.  5 DCMR § 1407.9.

18. Mr. McCollum obtained a copy of the transcript of the first day of the Stewart public hearing.

19. During the first day of the Stewart public hearing, Mr. McCollum did not participate and did nothing more than observe from the galley.

20. Mr. McCollum later quoted portions of the sworn testimony from the Stewart hearing in a motion for reconsideration filed in Mr. Harps' matter.

21. In an undated order, Clinton L. Evans, Jr., the Hearing Officer ruled that Mr. McCollum's use of testimony from the Stewart hearing and obtained from the court reporting service constituted "an abandonment of [Mr. McCollum's] status as a member of the general public, and as Mr. McCollum's interjection into Stewart as counsel for Harps.  The Hearing Officer hereby excludes Mr. McCollum from Stewart under provisions of 5 DCMR 1409.6" (permitting the exclusion of the public when the Hearing Officer finds the member of the public's conduct to have been disruptive).  *See* Exhibit 1.

## COUNT I
## VIOLATION OF THE CONSTITUTION

22. The Hearing Officer's exclusion of Mr. McCollum from an open and public proceeding simply because he is counsel in a related matter violates the First Amendment to the United States Constitution as it applies through the Fifth Amendment..

23. The hearing officer erroneously granted DCPS's motion to exclude an individual member of the public from an open and public proceeding on the ground that Mr. McCollum obtained a public transcript and cited portions of the transcript in a related case.

24. Based upon Mr. McCollum's perfectly legal action and citing no authority whatsoever, the hearing officer erroneously concluded that Mr. McCollum lost his status as a member of the public and "participated" in the first hearing.

25. The hearing officer concluded that 5 DCMR §1408.6 authorized Mr. McCollum's exclusion from a public hearing in violation of his First Amendment rights and without justification.

26. 5 DCMR §1408.6 states "any person may be excluded from the hearing by the hearing officer for conduct that interferes with the hearing process." *See* Exhibit 2.

27. The hearing officer made no factual findings at all as to how Mr. McCollum's presence interfered with the hearing process. The hearing officer's only support for this conclusion was "the action of Mr. McCollum, in obtaining and using said testimony, [constitutes] an abandonment of his status as a member of the general public, and as Mr. McCollum's interjection into Stewart as counsel for Harps." *See* Exhibit 1 at p. 2.

28. The hearing officer did not explain how obtaining a transcript "interjected" Mr. McCollum into the proceeding and constitutes an abuse of his discretion and a

violation of Mr. McCollum's constitutional rights to access to courts and freedom of speech.

## COUNT II

### VIOLATION OF 42 U.S.C. §1983

29.     Plaintiff hereby incorporates by reference paragraphs 1 through 28 of the Complaint.

30.     The Hearing Officer's order unlawfully restricts Mr. McCollum's First and Fifth Amendment rights.

31.     The District of Columbia and Mr. Evans maintain a policy and custom of depriving individuals of the constitutional rights by interpreting the D.C. Municipal Regulations in a manner that permit them from excluding members of the public from open proceedings without adequate cause.

32.     As a direct result of this policy and custom, Mr. McCollum has been deprived of his constitutional rights and had been injured.

## COUNT III

### INJUNCTIVE AND DECLARATORY RELIEF

33.     Plaintiff incorporates by reference paragraphs 1 through 32 of this complaint and further states the following.

34.     On information and belief, defendants have intended their policies and practices to restrict and control access to public proceedings.

35.     There is an actual controversy between James E. McCollum, Jr., and D.C. Public Schools, thereby rendering appropriate a declaratory judgment pursuant to 28 U.S.C. §2201.  Mr. Harps is vigorously challenging his termination from DCPS and seeks to use every

lawful available means of defense. Mr. Stewart is also vigorously challenging his termination, and his hearing is of utmost important to Mr. Harps. There is no good reason why Mr. McCollum should be prevented from attending Mr. Stewart's hearing. As a result, it is appropriate for this court to issue a declaratory judgment with respect to Mr. McCollum's rights to attend this public proceeding.

36.     Mr. McCollum has no adequate remedy at law to redress the deprivation of his constitutional rights as alleged above, and this action for declaratory and injunctive relief is the only means of protecting such rights.

37.     Mr. McCollum will suffer irreparable injury unless the Court provides appropriate redress.    The hearing for Mr. Stewart is scheduled to continue and take the week of June 28, 2005.  Currently, Mr. McCollum has been banished from the proceeding and is not allowed to attend in violation of his rights guaranteed by the First and Fourteenth Amendments to the Constitution.  The hearing officer's order stated "Counsel McCollum is hereby directed not to attend the <u>Matter of Stewart</u> while engaged in the representation of the grievant in the <u>Matter of Harps.</u>" Exhibit 1 at 3.   Further, counsel for DCPS has moved to bar transmission or communication of the allegedly private transcript or its contents in the <u>Stewart</u> matter to Mr. McCollum, Mr. Harps or anyone who might transmit the transcript to them. *See* Exhibit 3.   As a result, Mr. McCollum's ability to defend fully Mr. Harps is threatened.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff James E. McCollum prays for the following relief:

1.     <u>Declaratory Judgment</u>.  That, pursuant to 28 U.S.C. § 2201, the Court declare that the actions of the administrative law judge as alleged above are overbroad, outside the Hearing

Officer's authority and violate the First and Fifth Amendments to the United States Constitution;

    2.    <u>General Injunctive Relief</u>.  That this Court grant temporary, preliminary and permanent injunctive relief enjoining Defendants including the Hearing Officer in his official capacity from prohibiting Mr. McCollum from attending the public hearing in the Stewart hearing, from obtaining any public transcript from the Stewart hearing or from fully defending Mr. Harps in any other manner;

    3.    <u>Specific Injunctive Relief</u>.  That this court grant temporary, preliminary, and permanent injunctive relief enjoining Defendants, including the Hearing Officer, from prohibiting Mr. McCollum from attending the public hearing in the Stewart matter or from obtaining or using any transcript from the public hearing in the Stewart matter;

    4.    <u>Attorneys' Fees and Costs</u>.  That the Court award Mr. McCollum the costs of suit together with reasonable attorneys' fees pursuant to 42 U.S.C. §1983 for pursuing this matter; and,

    5.    <u>Other Equitable Relief</u>.  That pursuant to 28 U.S.C. §2202 and the principles of equity, the Court grant such other and further relief to Mr. McCollum as it may deem just and proper.

**<u>Verification</u>**

I declare under the penalty of perjury that the foregoing is true and correct.

_____/s/_____
James E. McCollum, Jr

DATED this 28th day of June, 2005.

Respectfully submitted,

_____/s/_____
Carla M. Mathers
Bar No. 445064

7309 Baltimore Ave., Suite 117
P.O. Box 1717
College Park, MD 20740-2736
301-864-6070 Ext. 201