DISTRICT OF COLUMBIA PUBLIC SCHOOLS

ADVERSE ACTION APPEALS HEARING
( 5 DCMR , CHAPTER 14 )

IN RE: ROBERT STEWART   )
                               ) Case # 2004.361
                               )

**ORDER**
Ruling on Motion to Consolidate
and
Motion to Exclude

UPON CONSIDERATION of the Motion to Consolidate Neil Harps, Case Number 2004.344 , and Robert Stewart, Case Number 2004.361, and the Motion to Exclude Counsel for Mr.Harps from the Stewart proceeding, both by Counsel for the District of Columbia Public Schools ; and, upon equal consideration of the Grievant's Memorandum of Points and Authorities in Response to said Motions, by Counsel for Mr. Stewart ,

The Hearing Officer hereby DENIES the Motion for Consolidation and GRANTS the Motion to Exclude.

### Motion to Consolidate

Although certain savings in time, effort and expense may occur if consolidated, the hearing in the Matter of Robert Stewart ("Stewart") is already underway (testimony has begun) and should be completed in three (3) days. To consolidate Stewart (Case # 2004.361) and the Matter of Neil Harps ("Harps") ( Case # 2004.344 ) would put at risk a right already asserted by the Grievant in Harps; i.e., the right to a closed hearing under 5 DCMR 1408.1. Mr.Harps has already asserted a right to a closed hearing ( Case # 2004.344, has already begun and was

- 1 -



continued to address procedural issues).

In Christian v. United States, App.D.C.394 (1978), cert. denied, 442 U.S. 944 (1979), as cited by the movant, the Supreme Court explained that separate trials should be granted " only if there is a serious risk that a joint trial would compromise a **specific trial right** of one of the defendants..." Id.at 538 [ in pertinent part, emphasis added ]. The Hearing Officer determines that to consolidate the matters would compromise the Grievant Harps' specific trial right to a closed hearing; because, Grievant Stewart has specifically requested an open hearing. The respective positions are contrary to each other and therefore should not be consolidated.

## Motion to Exclude

The Motion to Exclude is granted because the Hearing Officer finds that Counsel for Mr.Harps, Attorney James E. McCollum, Jr., has in fact participated in Stewart. His participation is evident in his use of testimony obtained in Stewart in his subsequently filed Motion for Reconsideration filed in Harps. This testimony was evidently obtained from Counsel for Mr.Stewart , because the stenographer is present at the Stewart hearing under the direction of Counsel for Stewart. The official record of the proceeding is the audiotape; and, no request was made by Counsel McCollum for any audiotaped testimony. The Hearing Officer finds the action of Mr.McCollum, in obtaining and using said testimony, an abandonment of his status as a member of the general public, and as Mr. McCollum's interjection into Stewart as counsel for Harps. The Hearing Officer hereby excludes Mr.McCollum from Stewart under provisions of 5 DCMR 1408.6.

The parties are hereby directed to schedule hearing dates for the continuation of the Matter of Stewart.  Counsel McCollum is hereby directed not to attend the Matter of Stewart while engaged in the representation of the grievant in the Matter of Harps (Case # 2004.344).

Respectfully submitted,

Clinton L. Evans, Jr., Esquire

Hearing Officer

# CHAPTER 14    ADVERSE ACTIONS

**Section**
1400    General Provisions
1401    Grounds for Adverse Action
1402    Initiation of Adverse Action and Right of Appeal
1403    Notice of Adverse Action
1404    Status During Notice Period
1405    Answer to Adverse Action
1406    Appeal to the Superintendent of Schools
1407    Adverse Action Appeal Hearings
1408    Hearing Procedures
1409    Final Agency Action on the Appeal

## 1400    GENERAL PROVISIONS

1400.1    The following adverse actions shall be subject to the rules and procedures set forth in this chapter:

   (a)    Dismissal;

   (b)    Suspension; and

   (c)    Demotion for cause.

1400.2    The provisions of §§ 1401 through 1409 shall not apply to any of the following personnel actions:

   (a)    The termination of a temporary appointment upon the expiration of the stated term of appointment, or upon the expiration of the circumstances that created the temporary vacancy to which the appointment was made;

   (b)    The change to a lower grade or position of an employee who had been temporarily promoted, when the employee is returned to the grade or position held prior to the temporary promotion or is appointed to an intermediate grade or position;

   (c)    Mandatory retirements;

   (d)    Reductions in force;

   (e)    Furlough;

   (f)    Termination of coterminous or wages as employed ("WAE") appointments;

   (g)    Reassignments and transfers; provided, that reassignments and transfers shall not be effected for disciplinary purposes, but shall be effected only for the good of the school system.

14-1

EXHIBIT
2

(h)    Failure to successfully complete requisite examinations for licensure as a teacher, pursuant to the rules on teacher testing contained in this title;

(i)    Failure to receive appropriate clearance after the requisite background check performed pursuant to the rules on background checks contained in this title; or

(j)    Separation of a probationary employee.

1400.3    The provisions of §§ 1400 and 1401 shall apply to all employees of the Board of Education of the District of Columbia.

1400.4    The provisions of §§ 1402 through 1409 shall apply to all employees of the Board of Education except those employees within recognized bargaining units with which an agreement on adverse action grievances procedures has been ratified and is in effect at the time the adverse action is effected.

1400.5    The Superintendent of Schools or the Superintendent's designee shall effect adverse actions against employees in recognized bargaining units with agreements in force according to the procedures set forth in the applicable agreement.

1400.6    Delegations of authority to effect adverse actions by the Superintendent shall be in writing.

AUTHORITY: Unless otherwise noted, the authority for this chapter is § 2 of An Act approved June 20, 1906, 34 Stat. 317, ch. 3446, D.C. Official Code § 38-102 (2001).

SOURCE: Final Rulemaking published at 24 DCR 6446, 6476 (February 3, 1978); as amended by Final Rulemaking published at 37 DCR 2125 (March 30, 1990); and by Final Rulemaking published at 40 DCR 6892 (October 1, 1993).

# 1401    GROUNDS FOR ADVERSE ACTION

1401.1    Adverse action shall be taken for grounds that will promote the efficiency and discipline of the service and shall not be arbitrary or capricious.

1401.2    For purposes of this section, "just cause for adverse action" may include, but is not necessarily limited to, one (1) or more of the following grounds:

(a)    Inefficiency;

(b)    Grave misconduct in office;

(c)    Incompetence, including either inability or failure to perform satisfactorily the duties of the position of employment;

(d)    Willful nonperformance, or inexcusable neglect of duty;

(e)    Insubordination including refusal to submit to a mental or physical examination authorized by the rules of the Board of Education or any law or regulation of the District government;

(f)    On-duty use of drugs not prescribed for the using individual, or obtained illegally;

(g)    Intoxication while on duty;

(h)    Fraud in securing employment or falsification of official records;

(i)    Dishonesty;

(j)    Willful disobedience;

(k)    Inexcusable absence without leave;

(l)    Lack of dependability;

(m)    Conviction of a felony;

(n)    Discourteous treatment of the public, supervisor, or other employees;

(o)    Political activity on school system grounds or while on duty, except as permitted by the Code of Laws of the District of Columbia, the U.S. Constitution, or the D.C. Board of Education rules;

(p)    Misuse, mutilation or destruction of D.C. Board of Education property, funds, or public records;

(q)    Engaging in a strike;

(r)    Misuse of official position or unlawful coercion of an employee for personal gain or benefit;

(s)    Other failure of good behavior during duty hours which is of such a nature that it causes discredit to the employee's agency or employment;

(t)    Violation of the rules, regulations, or lawful orders of the Board of Education or any directive of the Superintendent of Schools, issued pursuant to the rules of the Board of Education;

(u)    Any other cause authorized by the laws of the District of Columbia;

(v) Other conduct during and outside of duty hours that would affect adversely the employee's or the agency's ability to perform effectively; or

(w) Conviction of a misdemeanor, when the conviction is based on conduct that would affect adversely the employee's or the agency's ability to perform effectively. A plea of guilty, or a conviction following a plea of *nolo contendere*, to a charge of a misdemeanor involving the specified conduct, shall constitute *prima facie* evidence of the elements of the misdemeanor.

(x) Harassment. An employee commits an offense under this provision when he/she engages in verbal or physical conduct or communication relating to an individual's actual or perceived race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, family responsibilities, political affiliation, disability, or source of income in a manner that denies or limits a student's ability to participate in or benefit from an educational program or activity or creates an intimidating, threatening or abusive environment for employees or others in the school environment such that it interferes with the employment duties of employees or the effective performance of the school-related functions of others.

(y) Sexual harassment. An employee commits an offense under this provision when he/she engages in conduct consisting of unwelcome and unsolicited sexual advances, requests for sexual favors, sexually motivated physical conduct, or other verbal or physical conduct or communication of a sexual nature that denies or limits a student's ability to participate in or benefit from an educational program or activity or creates an intimidating, threatening or abusive environment for students, employees or others in the school environment such that it interferes with the employment duties of employees or the effective performance of the school-related functions of others.

(z) Retaliation for reporting harassment and sexual harassment. An employee commits an offense under this provision when he/she retaliates against any person who reports alleged harassment or sexual harassment, or any person who testifies, assists or participates in an investigation, or who testifies, assists or participates in a proceeding or hearing relating to such harassment or sexual harassment. An employee retaliates against a person if, as a result of action taken by the employee described in the previous sentence, 1) such person is reasonably intimidated by verbal threats or physical conduct of the employee, or 2) such person is denied an opportunity, right or privilege to which he/she would otherwise be entitled, or 3) such person is subjected to detrimental treatment to which he/she would not otherwise be subjected.

1401.3     An employee who is the subject of an adverse action shall be given notice of the ground(s) on which the adverse action is based.

1401.4    The notice shall contain the reasons and basis for the ground(s) of the adverse action in sufficient detail to reasonably inform the employee of the specific grounds and reasons for the adverse action.

SOURCE: Final Rulemaking published at 24 DCR 6446, 6477 (February 3, 1978); as amended by Final Rulemaking published at 37 DCR 2125 (March 30, 1990); as amended by Final Rulemaking published at 37 DCR 6805 (October 26, 1990); and by Final Rulemaking published at 49 DCR 7513, 7515 (August 2, 2002).

## 1402    INITIATION OF ADVERSE ACTION AND RIGHT OF APPEAL

1402.1    The Superintendent of Schools or the Superintendent's designee may effect the dismissal, suspension, or demotion for cause of any employee under his or her authority.

1402.2    Delegation of personnel authority to effect adverse actions by the Superintendent of Schools shall be in writing.

1402.3    The Superintendent of Schools shall inform the Board of Education of the following:

(a)    All delegations of personnel authority to effect adverse actions;

(b)    All adverse actions of dismissal, demotion for cause, and suspension for more than thirty (30) days; and

(c)    The results of any appeals taken from the following adverse actions:

(1)    Dismissal;

(2)    Demotion for cause; and

(3)    Suspension for more than thirty (30) days.

1402.4    Appeal from a suspension for thirty (30) days or less shall be taken to the Superintendent of Schools or to an official designated by the Superintendent other than the official effecting the suspension, pursuant to guidelines established by the Superintendent. An appeal from a suspension shall be filed within five (5) days of the effective date of the suspension.

1402.5    Appeal from a dismissal, demotion for cause, or suspension for more than thirty (30) days shall be taken pursuant to the provisions of § 1406.

1402.6    If no appeal is filed within the applicable time limit set forth in § 1402.4 or § 1406, the adverse action effected by the Superintendent or the Superintendent's designee shall be the final administrative agency action of the Board of Education.

1402.7      If a timely appeal is filed pursuant to § 1402.4, the final administrative agency action of the Board of Education shall be taken pursuant to the guidelines established by the Superintendent.

1402.8      If a timely appeal is filed pursuant to § 1406, the final administrative agency action of the Board of Education shall be taken pursuant to § 1409.

1402.9      The effective date of an adverse action shall not be stayed by the filing of a timely appeal.

SOURCE: Final Rulemaking published at 24 DCR 6446, 6478 (February 3, 1978).

## 1403    NOTICE OF ADVERSE ACTION

1403.1      An employee who is the subject of an adverse action shall have the right to receive written notice of the action prior to the effective date of the action, as set forth in this section.

1403.2      Notice of dismissal, demotion for cause, or suspension for more than thirty (30) days shall be received by the employee not less than ten (10) days prior to the effective date of the adverse action.

1403.3      Notice of suspension for thirty (30) days or less shall be received by the employee within a reasonable time prior to the effective date of the suspension in order to allow the employee to reply to the action. In no case shall a notice of suspension be given less than twenty-four (24) hours.

1403.4      Notice of adverse action shall contain at least the following:

     (a)     The type of adverse action;

     (b)     The effective date of the adverse action;

     (c)     The specific grounds and reasons for the action;

     (d)     Notice of all procedures, rights of appeal, time limits, and other matters pertaining to the adverse action applicable to the affected employee;

     (e)     A copy of the provisions of this chapter; and

     (f)     The location and times when the employee or his or her representative may review the material in the adverse action file upon which the action is based.

SOURCE: Final Rulemaking published at 24 DCR 6446, 6479 (February 3, 1978).

**1404    STATUS DURING NOTICE PERIOD**

1404.1    The employee or his or her representative shall be given access to the documents, reports, and other materials contained in the adverse action file, including all materials that support the adverse action being taken.

1404.2    Adverse action file materials that relate to the grounds and reasons for the adverse action shall be available for inspection by the employee or his or her representative not later than twenty-four (24) hours after the receipt of the notice of adverse action by the employee. These file materials shall be available at the times and places specified in the notice.

1404.3    An employee who is the subject of an adverse action shall be retained in active duty status during the notice period, except in the following instances:

(a)    When it is determined by the official effecting the adverse action that retention of the employee in an active duty status might result in damage to public school property; may result in injury or harm to students, other employees, or members of the public; or may be detrimental to the efficiency and discipline of the school system, the employee may be temporarily assigned to other duties where these conditions are not likely to occur or the employee may be placed on administrative leave with pay; and

(b)    When the official effecting an adverse action also effects a separate action of suspension for thirty (30) days or less during the notice period.

1404.4    The decision of the official effecting an adverse action to reassign the employee or place the employee on administrative leave with pay during the notice period shall not be subject to appeal.

SOURCE: Final Rulemaking published at 24 DCR 6446, 6480 (February 3, 1978).

**1405    ANSWER TO ADVERSE ACTION**

1405.1    An employee shall be entitled to answer the notice of adverse action in writing, through the filing of an appeal pursuant to § 1402.4 or § 1406, or both.

1405.2    The following time limits shall apply to the submission of a written answer by the employee or the employee's representative:

(a)    For dismissal, demotion for cause, or suspension for more than thirty (30) days, the written answer shall be submitted within fourteen (14) days of the receipt of the notice of adverse action by the employee; and

(b)    For suspension of thirty (30) days or less, the written answer shall be submitted within the time stated in the notice, but in no case in less than twenty-four (24) hours from the receipt of the notice of adverse action by the employee.

1405.3   A written answer submitted pursuant to this section shall be submitted to the official effecting the adverse action.

1405.4   The official effecting the adverse action may extend the time to file the written answer upon the written request of the employee or the employee's representative.

1405.5   The employee's written answer, if any, shall be made a part of the adverse action file.

1405.6   In addition to any appeal rights provided by this chapter, an employee who has received a notice of adverse action may respond, either orally or in writing, to the notice. The written or oral response shall occur within fourteen (14) days of receipt of the notice of adverse action by the employee. A written response shall thereafter be made a part of the employee's personnel file.

1405.7   An oral response, pursuant to § 1404.5, shall consist of a non-recorded informal meeting where the affected employee meetings with the official initiating the adverse action is permitted to present his or her response to the notice of proposed termination.

1405.8   When the employee makes an oral response, pursuant to § 1404.6, the official initiating the proposed termination shall do the following:

    (a)   Summarize the affected employee's position;

    (b)   Send a copy of the summarization to the employee; and

    (c)   File a copy of the summarization in the employee's personnel file.

    SOURCE: Final Rulemaking published at 24 DCR 6446, 6481 (February 3, 1978); as amended by Final Rulemaking published at 37 DCR 2125, 2127 (March 30, 1990); and by Final Rulemaking published at 38 DCR 1132 (February 15, 1991).

## 1406   APPEAL TO THE SUPERINTENDENT OF SCHOOLS

1406.1   An employee shall have the right to appeal a dismissal, demotion for cause, or suspension for more than thirty (30) days to the Superintendent of Schools and receive a hearing on the appeal pursuant to the provisions of this section, except in the following instances:

    (a)   An employee with temporary or probationary status may appeal to the Superintendent of Schools, pursuant to procedures established by the Superintendent; however, the appeal shall not include the right to a formal hearing under this section;

(b)    An employee who alleges that the adverse action is being taken for discriminatory reasons in violation of the human rights laws of the District of Columbia (D.C. Law 2-38, as amended) shall take an appeal to the D.C. Office of Human Rights, pursuant to the rules and procedures established by that office; and

(c)    An employee who has appeal rights to another governmental agency under any statute of the United States or District of Columbia, and who elects to exercise those appeal rights, shall be deemed to have waived all appeal rights under this chapter.

1406.2    An appeal to the Superintendent of Schools shall be granted upon the timely filing of a written request for a hearing.

1406.3    A request for hearing shall be filed with the Superintendent of Schools or the Superintendent's designee not later than ten (10) days after the receipt of the notice of adverse action by the employee.

1406.4    Failure to file a timely request for a hearing shall constitute a waiver of the right to appeal the adverse action.

1406.5    The time limit for filing a request for a hearing, as set forth in this section, may be extended by the Superintendent of Schools or the Superintendent's designee as follows:

(a)    Upon a showing by the employee or the employee's representative that he or she was not properly notified of the time limit for filing the request and was not otherwise aware of it; or

(b)    Upon a showing that the employee was prevented from filing a timely request by circumstances beyond his or her control.

1406.6    If the request for extension of time to file an appeal is granted, the extension shall be for five (5) days from the date on which the employee receives notification of the extension.

SOURCE: Final Rulemaking published at 24 DCR 6446, 6482 (February 3, 1978); as amended by Final Rulemaking published at 40 DCR 6892 (October 1, 1993).

## 1407        ADVERSE ACTION APPEAL HEARINGS

1407.1    The Superintendent of Schools shall designate an adverse action hearing office.

1407.2    All appeals shall be conducted under the auspices of the hearing office, pursuant to the provisions of this section.

1407.3    Upon receipt of a timely request for a hearing, the hearing office shall schedule a hearing before a hearing officer at a time convenient to the parties, subject to the availability of the hearing officer.

1407.4    The Board of Education shall employ impartial hearing officers on a full-time or part-time basis to conduct adverse action appeal hearings.

1407.5    The impartial hearing officers shall have the appropriate training and qualifications to conduct adverse action hearings.

1407.6    An employee shall be afforded the following safeguards in connection with the hearing held pursuant to this section:

    (a)    The right to be represented by counsel or other representative of the employee's choice, at the expense of the employee;

    (b)    The right to cross-examine any witness testifying for the school system;

    (c)    The right to call witnesses in the employee's behalf and to present other evidence in support of the appeal, including the right to call employees of the school system to appear as witnesses in his or her behalf;

    (d)    The right of access to materials in the adverse action file, pursuant to the provisions of § 1404; and

    (e)    The right to a free copy of the electronic recording made of the hearing.

1407.7    Transcripts of all or any portion of the hearing record may be requested by the employee or the employee's representative at a cost of twenty-five cents (25¢) per page.

1407.8    Requests for a transcript shall be made to the hearing office within ten (10) days of the receipt of the final determination of the appeal.

1407.9    An employee or employee's representative may arrange to have a record of the hearing taken and transcribed by a qualified reporter hired by the employee at the employee's expense; provided, that the hearing office shall be notified of any arrangement for a record of the hearing not less than three (3) days prior to the scheduled date of the hearing.

    SOURCE: Final Rulemaking published at 24 DCR 6446, 6483 (February 3, 1978).

**1408    HEARING PROCEDURES**

1408.1    All hearings held pursuant to § 1407 shall be closed to the public unless the employee requesting the hearing specifically requests that the hearing be open.

District of Columbia Municipal Regulations

1408.2    An open hearing may be closed at any time upon the request of the employee.

1408.3    The rules of evidence shall not be strictly applied by the hearing officer; however, the hearing officer shall have the authority to use the rules of evidence currently in effect in the Superior Court of the District of Columbia as guidelines for the orderly conduct of the hearing. The hearing officer shall exclude any evidence or testimony that is irrelevant or repetitive.

1408.4    An electronic recording of the hearing shall be made.

1408.5    All testimony shall be given under oath or affirmation administered by the hearing officer.

1408.6    Any person may be excluded from the hearing by the hearing officer for conduct that interferes with the hearing process.

1408.7    The hearing officer may request proposed findings or post-hearing briefs on any issue.

1408.8    Any party may file a post-hearing brief at the conclusion of the hearing at its own initiative.

1408.9    The official record of the hearing shall consist of the following:

    (a)    The notice of adverse action;

    (b)    The request for the appeal hearing;

    (c)    The written answer of the employee, if any;

    (d)    The electronic recording of the hearing;

    (e)    Any post-hearing briefs or proposed findings submitted by the parties;

    (f)    The written report of the hearing officer; and

    (g)    Any exceptions to the hearing officer's findings and recommendations submitted by the parties.

1408.10    The hearing officer shall make written findings and recommendations within ten (10) days of the conclusion of the hearing.

1408.11    Findings and recommendations shall be filed with the hearing office which shall forward copies to each party or its representative.

1408.12    Within seven (7) days of the receipt of the copy of the hearing officer's findings and recommendations, any party or its representative may submit to the hearing office written exceptions to the findings and recommendations.

**SOURCE:** Final Rulemaking published at 24 DCR 6446, 6484 (February 3, 1978).

## 1409          FINAL AGENCY ACTION ON THE APPEAL

1409.1          The final determination of an appeal brought pursuant to § 1406 shall be made by the Superintendent of Schools or an appeals panel designated by the Superintendent.

1409.2          The Superintendent may designate a panel of not less than three (3) officials to consider the official record of the hearing and make a final determination on the appeal.

1409.3          No member of an appeals panel designated pursuant to this section shall have recommended or effected the adverse action that is the subject of the appeal under consideration by the panel.

1409.4          All appeals from adverse actions effected by the Superintendent of Schools shall be determined by an appeals panel.

1409.5          The official record shall be submitted to the Superintendent or the appeals panel by the hearing office upon receipt of exceptions to the hearing officer's findings and recommendations or upon expiration of the time to file exceptions, pursuant to § 1408.

1409.6          The determination of the appeal shall be made in writing by the Superintendent of Schools or appeals panel within twenty (20) days of the receipt of the official record from the hearing office.

1409.7          The written determination of the appeal shall specify the grounds for adverse action that have been sustained, if any, and those grounds that have not been sustained, if any, and shall contain one of the following:

(a)     If the adverse action has been sustained, a statement that the determination is the final administrative agency action of the Board of Education; or

(b)     If an adverse action of dismissal has been reversed, a notice of reinstatement.

1409.8          If the adverse action is reversed, the employee shall be made whole for the action, including reinstatement where appropriate.

1409.9          An employee who has received a determination of an adverse action appeal pursuant to this section shall be deemed to have exhausted all administrative remedies.

1409.10         A copy of the determination of the adverse action appeal shall be delivered to the hearing office, which shall forward copies to all parties.

SOURCE: Final Rulemaking published at 27 DCR 6446, 6485 (February 3, 1978).



WILLIAMS MULLEN

Direct Dial: 202.293.8120
tcoleman@williamsmullen.com

June 7, 2005

**VIA FACSIMILE & U.S. MAIL**

Ms. Carla Johnson
Labor Relations Specialist
Labor Management and Employee Relations
District of Columbia Public Schools
825 North Capitol Street, N.E., 6th Floor
Washington, D.C. 20002

> Re: Robert Stewart, Case No. 2004.361
> Motion to Bar and Motion for Leave
> to Serve Witness Subpoena

Dear Ms. Johnson:

Attached please find the following documents related to the above captioned case:

1) District of Columbia Public Schools' Motion for Leave
   To Serve Witness Subpoena

2) Motion to Bar Communication or Transmission of Private
   Transcript or Its Contents in the Stewart Case to Neil Harps,
   His Attorney or to Anyone Who Might Transmit This Transcript
   to Mr. Harps or His Attorney and Brief in Support Thereof.

Please transmit these documents to Hearing Officer Clinton L. Evans, Esquire, for
his review and action  As noted, these documents have been transmitted to counsel for Mr.
Stewart and Mr. Harps.

Sincerely,

*Francis T. Coleman*

Francis T. Coleman



FTC/ssm

*A Professional Corporation*

VIRGINIA • WASHINGTON, D.C. • LONDON
1666 K Street, N.W., Suite 1200  Washington, D.C. 20006  Tel: 202.833.9200  Fax: 804.783.6507 or 202.293.5939
www.williamsmullen.com

WILLIAMS MULLEN

June 7, 2005
Page 2

Enclosures

Cc:   Geraldine L. Owens, Esq.
      David A. Lang, Esq.
      Robert McCollum, Esq
      Karen A. Doner, Esq.

1156945

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

In re: Robert Stewart
              )
              )    Case Number: 2004.361
              )
              )

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS' MOTION FOR LEAVE TO SERVE WITNESS SUBPOENA

The District of Columbia Public Schools ("DCPS"), by counsel, hereby moves for leave to serve a witness subpoena. In support thereof, DCPS states as follows:

1.    This case arises from the events surrounding the unauthorized contractual verbal agreement Robert Stewart ("Stewart") and Neil Harps ("Harps") entered into with Xerox, and its subsequent cover-up. Both Stewart and Harps are appealing DCPS' decision to terminate them as a result of their illegal conduct.

2.    Because Harps was privy to most if not all actions relevant to Stewart's case, DCPS would like to serve Harps with a witness subpoena so that his testimony may be obtained to ensure Stewart's case is resolved fairly and judiciously.

3.    Pursuant to 5 D.C. ADC § 1408.3, "the hearing officer shall have the authority to use the rules of evidence currently in effect in the Superior Court of the District of Columbia as guidelines for the orderly conduct of the hearing."

4.    Accordingly, DCPS wishes to issue a Superior Court of the District of Columbia subpoena to require Harps to testify in the above-captioned hearing.

5.    The interests of justice will be served in allowing DCPS to serve Harps with the attached subpoena, and Stewart will suffer no prejudice as a result.

WHEREFORE, DCPS respectfully requests that this Hearing Officer grant DCPS' Motion for Leave to Serve Witness Subpoena, and for such other and further relief that he deems proper.

Respectfully Submitted,

*Francis T. Coleman*

Francis T. Coleman (D.C. Bar No. 186486)
Williams Mullen, A Professional Corp.
1666 K Street, NW, Suite 1200
Washington, DC 20006
(202) 833-9200
(202) 293-5939 (facsimile)
Counsel for DCPS

1156717v1

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

In re: Robert Stewart         )      Case Number: 2004.361
                                    )
                                    )
                                    )

## Motion to Bar Communication or Transmission of Private Transcript or Its Contents in the Stewart Case to Neil Harps, His Attorney or to Anyone Who Might Transmit This Transcript to Mr. Harps or His Attorney

    The District of Columbia Public Schools ("DCPS") by Counsel, hereby moves to bar transmission or communication of the private transcript commissioned by Robert Stewart or his attorney to Neil Harps, his attorney or anyone seeking to convey this information to Mr. Harps or his attorney.

    DCPS's memorandum in Support of its Motion is being filed contemporaneously herewith.

_Francis T. Coleman_
_____
Francis T. Coleman (D.C. Bar No. 196486)
Williams Mullen, A Professional
Corporation
1666 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 833-9200
(202) 293-5939 (Facsimile)
Counsel for DCPS

DISTRICT OF COLUMBIA PUBLIC SCHOOLS

ADVERSE ACTION APPEALS HEARING
(5 DCMR,. CHAPTER 14)

IN RE: ROBERT STEWART )
)  Case #2004.361
)
BRIEF IN SUPPORT OF MOTION TO BAR
TRANSCRIPT TRANSMISSION OR COMMUNICATION

In his ruling granting the District of Columbia Public School's Motion to Exclude Mr. Harps' attorney, James E. McCollum, from participating in or attendance at the Stewart hearing, this Hearing Officer observed that Mr. McCollum's participation in the Stewart hearing was:

> "evident in his use of testimony obtained in Stewart in his subsequently filed Motion for Reconsideration filed in Harps. This testimony was evidently obtained from Counsel for Mr. Stewart because the stenographer is present at the Stewart hearing under the direction of Counsel for Stewart. The official record of the proceeding is the audiotape; and, no request was made by Counsel McCollum for any audiotaped testimony. The Hearing Officer finds the action of Mr. McCollum, in obtaining and using said testimony, an abandonment of his status as a member of the general public, and as Mr. McCollum's interjection into Stewart as counsel for Harps. The Hearing Officer hereby excludes Mr. McCollum from Stewart under provisions of 5 DCMR 1408.6."

In concluding the decision on this Exclusion Motion, the Hearing Officer directed Mr. McCollum "not to attend the Matter of Stewart while engaged in the representation of the grievant in the Matter of Harps (Case #2004.344)."

It is submitted that a logical extension of the above ruling is to prevent Mr. Harps and his attorney from having access in the future to the private transcript in the Stewart case. The Hearing Officer's decision to exclude was based in part on the fact that Mr. McCollum used portions of the Stewart transcript in connection with representation of his client, Neil Harps, in the Harps proceeding. Giving Mr. McCollum access to the Stewart transcript would be to allow him to use this transcript for his client's benefit, precisely the

same conduct for which the Hearing Officer based his exclusionary ruling. Moreover, providing Mr. Harps and/or his attorney with the copy of the Stewart transcript would also undermine the Hearing Officer's earlier ruling sequestering the witnesses in the Stewart hearing. Mr. Harps is being subpoenaed to testify in the Stewart hearing and affording him access to Stewart's testimony, as well as that of other witnesses, would defeat the purpose of sequestration.

In short, allowing Mr. Harps and his attorney access to the Stewart transcript prior to his testimony in either his own hearing or Stewart's would afford him the opportunity to tailor his testimony and reconcile it with the testimony of Mr. Stewart and others. This would in effect nullify the Hearing Officers earlier sequestration ruling and provide Mr. Harps with an improper and unwarranted advantage. Likewise, allowing Mr. McCollum such access would allow him to become a participant in the Stewart proceedings, a result which caused this Hearing Officer to exclude Mr. McCollum from the Stewart proceedings. Failure to bar transmission or communication of the Stewart transcript to Messrs. Harps and McCollum would undermine his earlier exclusionary ruling, making it nothing more than a hallow gesture.

Finally, Title 5 D.C. ADC §1407 addresses electronic recordings of Adverse Action hearings, as well as allowing the employee or the employee's representative the right to have a record of the hearing taken and transcribed by a qualified reporter hired by the employee at his or her expense. (see, §1407.6, 7, 8 and 9). A fair reading and the proper interpretation of these sections is that the right to a privately arranged transcript is only intended to safeguard the rights of the employee actually involved in the hearing, i.e., Mr. Stewart. This right should not be extended to another employee not involved in the hearing, particularly when such an extension would thwart the explicit intent of the Hearing Officer's Order that Mr. McCollum, as Mr. Harps' representative, be excluded from Stewart's hearing.

For the above reasons, it is respectfully requested that DCPS's instant Motion be granted.

Respectfully submitted,

Francis T. Coleman
Counsel for District of Columbia
Public Schools

1155551

SUBPOENA

# *Superior Court of the District of Columbia*
## CIVIL DIVISION
500 Indiana Avenue, N.W.,    Room JIM-170
Washington, D.C. 20001    Telephone (202) 879-1133

In re: Robert Stewart

SUBPOENA IN AN ADVERSE
ACTION APPEAL HEARING
CASE NUMBER:  2004.361

To:    Neil Harps
      c/o James E. McCollum, Esq.
      McCollum & Associates
      7309 Baltimore Avenue, Suite 117
      College Park, Maryland  20741-1717

**YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify
in the above case:

LOCATION:

Labor Management Employee Relations
6th Floor
District of Columbia Public School
Headquarters
825 North Capital Street, NE
Washington, D.C.

DATE/TIME:

10:00 A.M.
June 28th and June 29th, 2005

_____
ISSUING PERSON'S SIGNATURE AND TITLE
(indicate if attorney for plaintiff or defendant)
Francis T. Coleman (D.C. Bar #186486)
Williams Mullen, A Professional Corp.
1666 K Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 833-9200
Counsel for District of Columbia Public Schools
ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER

DATE _____

1155386v1

## PROOF OF SERVICE

**SERVED:** _____  _____  _____

DATE           TIME                     PLACE
(attach return receipt if service was made by registered or certified mail)

**SERVED ON:** _____  _____

(PRINT NAME)                  MANNER OF SERVICE

**SERVED BY:** _____  _____

(PRINT NAME)                     TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled cause and that the foregoing information contained in the Proof of Service is true and correct.

**Executed on:** _____  _____

DATE                     SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE, Sections C & D:

**(c) Protection of Persons Subject to Subpoena.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(S)(A) On timely motion, the Court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 25 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(S)(b)(iii) of this Rule, such a person may in order to attend trial be commanded to travel from any such place to the place of trial, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or,

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 25 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the District of Columbia Public Schools' Motion for Leave to Serve Witness Subpoena and its Motion to Bar Communication or Transmission of Private Transcript or its Contents in the Stewart Case to Neil Harps, His Attorney or to Anyone Who Might Transmit This Transcript to Mr. Harps or His Attorney and Brief in Support Thereof was served by first class mail, postage prepaid, this $7th$ day of June, 2005, to:

        Geraldine H. Owens, Esq.
        3533 Warder Street, N.W.
        Washington, D.C. 20010

        David A. Lang, Esq.
        3533 Warder Street, N.W.
        Washington, D.C. 20010

        James E. McCollum, Esq.
        McCollum & Associates, LLC
        P.O. Box 1717
        7309 Baltimore Avenue, Suite 116
        College Park, MD 20741-1717

                    Francis T. Coleman, Esq.
                    Counsel for DCPS

1156717v1

2